[942 NYS2d 604]

# In the Matter of AXEL HEYDASCH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH, JUDICIAL DISTRICTS, Petitioner.

Second Department, April 24, 2012

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida dated May 26, 2011 (64 So 3d 119 [2011]), the respondent was suspended from the practice of law in that state for a period of three years, effective 30 days from the date of the order. The order awarded judgment against the respondent and in favor of the Florida Bar in the amount of $10,811.62.

The order of the Supreme Court of Florida is based on the uncontested report of the Referee, which, in turn, was based on an unconditional guilty plea and consent judgment for discipline submitted by the respondent.

The Referee's report, dated May 2, 2011, recites, inter alia, the following: the respondent, age 56, was admitted to the Florida Bar on November 21, 1983. He admitted that he was the settlement agent for 15 real estate transactions that included numerous instances of significant unsupported charges on the HUD-1 settlement statements as well as inaccurate payoff amounts to the sellers. These closings took place no later than December 2004. While the respondent was the settlement agent, George Garcia, a suspended attorney at the time and now permanently disbarred, was the one who actually handled the closings. The respondent entrusted Garcia to conduct the closings and failed to adequately supervise his actions. As the respondent did not receive a significant financial benefit other than typical fees of a closing agent, there was no indication of his knowing and intentional involvement in the scheme to defraud orchestrated by Garcia. The respondent himself was a buyer in a residential real estate transaction handled by Garcia.

In addition, the respondent admitted that the trust account records that he provided to the Florida Bar were not in compliance with the minimum trust accounting requirements of the Rules Regulating Trust Accounts.

In mitigation, the respondent relied wholly on the advice of Garcia in conducting the transactions, and trusted him to carry out his duties honestly. Relying on Garcia's represented honesty and integrity, the respondent signed checks and title insurance documents prepared by Garcia without the required due dili-

gence or inquiry. Although negligent in failing to supervise Garcia, the respondent maintained that he was not involved in any criminal activity, and was himself a victim of the fraud.

The respondent acknowledged that his failure to supervise Garcia constituted the requisite intent to violate the Rules Regulating the Florida Bar by failing to manage activities. He further acknowledged that knowingly or negligently engaging in sloppy bookkeeping constituted the requisite intent to violate the Rules Regulating the Florida Bar. The respondent made full and free disclosure and, thus, fully cooperated with the investigation. He was remorseful. The respondent consented to a three-year suspension, and agreed to pay all costs incurred by the Florida Bar in connection with the investigation, totaling $10,811.62.

The Referee recommended that the respondent be found guilty of the following Rules Regulating the Florida Bar: rule 3-4.3 of the Rules of Discipline (Misconduct and Minor Misconduct); rule 4-8.4 (a) ("[a] lawyer shall not . . . violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another") and (c) ("[a] lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct (Misconduct); and rule 5-1.2 of the Rules Regulating Trust Accounts (Trust Accounting Records and Procedures). The Referee found the plea and recommended discipline to be fair to the respondent and in the best interests of the public.

By order dated May 26, 2011, the Supreme Court of Florida approved the Referee's report, suspended the respondent for a period of three years, and awarded judgment to the Florida Bar in the amount of $10,811.62.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent's attorney with a notice pursuant to 22 NYCRR 691.3 on September 21, 2011, via first class mail. More than 20 days have elapsed since the notice was served. The respondent has neither submitted a verified statement in response to the notice nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the petitioner's application to impose reciprocal discipline is granted and the respondent is suspended from the practice of law for a period of three years based upon his suspension in Florida.

MASTRO, A.P.J., Rivera, SKELOS, DILLON and LOTT, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Axel Heydasch, is suspended from the practice of law for a period of three years, commencing May 24, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 24, 2014. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further;

Ordered that the respondent, Axel Heydasch, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Axel Heydasch, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Axel Heydasch, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).